# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**ANTONIO SANDRIDGE,**

    **Plaintiff,**

**v.**                                                 **CIVIL ACTION NO. _____**

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,**

    **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), gives notice of the removal of this action from the Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division. As grounds for this removal, Sedgwick states as follows:

### INTRODUCTION

1. On February 14, 2017, Plaintiff Antonio Sandridge commenced this action in the Circuit Court of Etowah County, Alabama, Case Number CV-2017-900124.00, naming Sedgwick as a Defendant.

2. In the Complaint, the Plaintiff asserts that he is eligible for a short-term disability benefit. (Compl. ¶ 1). Furthermore, the Plaintiff alleges that he is

29350882 v1

disabled and entitled to short-term disability benefits, after having exhausted all administrative remedies available to him. (Compl. ¶¶ 1-4). As such, Plaintiff asserts a claim pursuant to 29 U.S.C. § 1132, the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶ 5). Specifically, Plaintiff seeks equitable relief, attorneys' fees and costs pursuant to 29 U.S.C. § 1132. (Compl. ¶ 5; Compl., Prayer for Relief).

3. The short-term disability protection provided by an insurance contract through his employment (the "Plan") referred to in Plaintiff's Complaint is an "employee welfare benefit plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(1). Attached hereto under cover of Exhibit "A" are excerpts from the Administrative Information on Honda Manufacturing, Inc. Benefit Plans showing that the Plan referred to in the Complaint is subject to ERISA because:

- Defendant is a participating employer in Honda Manufacturing Health & Welfare Benefits Plan, Plan Number 501 (Ex. "A" at 3);

- Honda Manufacturing Health & Welfare Benefits Plan, Plan Number 501 contains Plans for Short-Term and Long-Term Disability (*id.* at 5); and

- Honda Manufacturing Health & Welfare Benefits Plan, Plan Number 501 is subject to ERISA (*id.* at 223).

## FEDERAL QUESTION JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint asserts a claim arising under federal law.

5. 28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA, 29 U.S.C. § 1132(a)] removable to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1548, 95 L. Ed. 2d 55 (1987). Here, the face of the Plaintiff's Complaint reveals that his cause of action arises under this provision. (Compl. ¶ 5.) *See, e.g.*, *Welch v. Dolgencorp, LLC*, No. 3:09CV668-WHA, 2010 WL 779286, at *2 (M.D. Ala. Mar. 5, 2010) ("There being ERISA claims on the face of the Amended ERISA Complaint which was removed from the Circuit Court of Lee County to this court, there is no question that the court has subject matter jurisdiction."). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Although removal based on federal-question jurisdiction generally is proper only if a federal question appears on the face of a well-pleaded complaint, "[o]ne corollary of the well-pleaded complaint rule developed in the case law... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64; *accord, e.g., Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir. 1998) ("Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction.").

8. The field of employee benefit plans is one of the areas subject to complete preemption under federal law. Complete preemption under ERISA derives from "ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009) ("Anthem") (*quoting Taylor*, 481 U.S. at 65-66). Thus, under the "complete preemption" doctrine, "claims that fall within the scope of [29 U.S.C.] §1132(a) [ERISA § 502(a)] are treated as arising under federal law and thus may be removed to federal court." *Taylor, id.; accord, e.g., Engelhardt*, 139 F.3d at 1346 (vacating remand of plaintiff's fraud claim as preempted by

ERISA); *Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063 (11th Cir. 1998) (upholding removal of fraud claim relating to benefits under ERISA plan); *Randol v. Mid-West Nat'l Life Ins. Co. of Tenn.*, 987 F.2d 1547, 1548 n.1 (11th Cir. 1993) ("Assertion of an ERISA preemption defense suffices to establish federal question subject matter jurisdiction under 28 U.S.C. §1331, thus permitting a state court defendant to remove to federal court pursuant to 28 U.S.C. §1441").

9. In *Anthem*, the Eleventh Circuit adopted the test for complete preemption under ERISA as set forth by the United States Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ("Davila"). 591 F.3d at 1345. In *Davila*, the Supreme Court stated:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).  In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

542 U.S. at 210. As the Eleventh Circuit summarized, "the *Davila* test thus requires two inquiries, (1) whether the plaintiff could have brought [its] claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Anthem, id.*

## A.     <u>Plaintiff Could Have Brought His Benefits Claims Under ERISA § 502(a).</u>

10. The first part of the *Davila* test, whether a plaintiff could have brought his or her claim under ERISA, is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA. *Id.* at 1350; *Davila*, 542 U.S. at 211-12.

11. Plaintiff's claims related to Honda's Plan fall squarely within the scope of ERISA. A claim under § 502(a)(1) of ERISA is essentially a breach of contract action that can only be brought by plan beneficiaries or participants for failure to pay benefits due, or to clarify future benefits owed under a benefits plan. Specifically, Plaintiff alleges:

- He was eligible for benefits under the Plan;
- Plaintiff is disabled as defined by the Plan;
- Plaintiff is entitled to short-term disability protection under the Plan; and
- Plaintiff has exhausted all of his administrative remedies.

(*See* Compl. ¶¶ 1-5.)

12. Plaintiff could have initiated his claims pursuant to ERISA as he has standing to sue under § 502(a)(1) as a "participant or beneficiary" under the Plan. *See* § 502(a)(1).

## B. No Independent Legal Duty Supports Plaintiff's Claims Against Defendant.

13. The second prong of the *Davila* test adopted by the Eleventh Circuit in *Anthem* is whether no independent legal duty supports Plaintiffs' claims against Defendant. 591 F.3d at 1345. As described above, Plaintiff's claims against Sedgwick related to the Plan fall within "ERISA territory" by asserting improper denial and administration of Plaintiff's claim for benefits under the Plan. *Id.* at 1353.

14. In *Davila*, the plaintiffs sued ERISA administrators in state court asserting violations of state statutory requirements in the administrators' failure to exercise "ordinary care" in the processing of claims for health care benefits under the plan. The United States Supreme Court observed that "interpretation of the terms of [the plaintiffs'] benefit plans forms an essential part of their [state law] claim... and liability would exist [] only because of [the defendants'] administration of ERISA-regulated benefit plans." 542 U.S. at 213. Any liability to Plaintiff in the instant case on his claim for Plan benefits "derives entirely from the particular rights and obligations established by the benefit plans" and no independent legal duty exists for these claims aside from ERISA. 542 U.S. at 213.

15. Plaintiff's Complaint relates to the Plan and is defensively preempted by ERISA. ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) (state common law breach of contract and fraud claims, "each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a)"); *Butero*, 174 F.3d at 1212, 1215 (11th Cir. 1999)("ERISA Section 514(a)...defeats claims that seek relief under state-law causes of action that "relate to" an ERISA plan.").  Thus, aside from ERISA, no independent legal duty supports Plaintiff's claims against Sedgwick.

## PROCEDURAL REQUIREMENTS

16. No prior application has been made for the relief requested herein.

17. Sedgwick was served with process in this matter on February 24, 2017.  This Notice of Removal is therefore filed within thirty (30) days of service and is timely under 28 U.S.C. § 1446(b).

18. True and correct copies of "all process, pleadings, and orders" served upon Sedgwick to date, as well as additional documents from the state court's file, are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a).

19. The United States District Court for the Northern District of Alabama, Middle Division, is the court and division embracing the place where this action is pending in state court.

20. Sedgwick is promptly filing a copy of this Notice of Removal with the Circuit Court of Etowah County, Alabama, as required by 28 U.S.C. § 1446(d).

21. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

22. Sedgwick reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

23. Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## ADOPTION AND RESERVATION OF DEFENSES

24. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Sedgwick's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. R. Civ. P. 12 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Sedgwick prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the

Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division.

                Respectfully submitted,

                */s/ Stephen J. Bumgarner*
                Stephen J. Bumgarner  (ASB-2089-M66S)

                Attorney for Defendant
                Sedgwick Claims Management Services, Inc.

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: sbumgarn@burr.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served on the following by directing same to their office address through first-class, United States mail, postage prepaid, on this the 23rd day of March, 2017.

Myron K. Allenstein, Esq.
Rose Marie Allenstein, Esq.
Allenstein & Allenstein, LLC
141 South 9th Street
Gadsden, AL  35901

                */s/ Stephen J. Bumgarner*
                OF COUNSEL